HAYES v. AMERICAN BRIDGE CO. (No. 7735.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

DISCOVERY ⊂⟹31—PROCEEDINGS—EVIDENCE—INTERLOCUTORY ORDERS.

In an action for an accounting, examination of defendant company's president to show the amount of profits for which defendant should account will not be permitted before the interlocutory judgment for the accounting, since it is immaterial on the question whether defendant should account.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. ⊂⟹31.]

Appeal from Special Term, New York County.

Action by George S. Hayes against the American Bridge Company. From an order refusing to vacate an order for examination of defendant's president before trial, defendant appeals. Modified and affirmed.

See, also, 167 App. Div. 905, 151 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE and SCOTT, JJ.

Harlan F. Stone, of New York City, for appellant.
Ralph M. Frink; of New York City, for respondent.

PER CURIAM. The greater part of the evidence sought to be elicited by defendant's examination will become material only if and when it has been adjudged that defendant should account. All that it is material to show before that time is that some profits have been realized, but it would be contrary to the rule uniformly applied in such cases to permit in advance of an interlocutory judgment an examination as to the amount of such profits. As to the so-called guaranty agreement we are unable at present to see that it merits the importance which plaintiff attributes to it. Whether any sum which may have been paid under such a guaranty is to be considered as profits under plaintiff's agreement is a question of law, to be determined before defendant is called upon to show how much was so paid.

The order appealed from will be modified, so as to limit the examination under it to the bare question whether any profits were realized from the contracts described in the complaint, and, as so modified, affirmed, with $10 costs and disbursements to appellant. Settle order on notice.